Filed 3/12/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| WILLIAM KUO et al.,<br><br>　　Plaintiffs and Appellants,<br><br>v.<br><br>DUBLIN UNIFIED SCHOOL DISTRICT,<br><br>　　Defendant and Respondent. | A169912<br><br>(Alameda County<br>Super. Ct. No. 22CV007041) |

　　Catherine Kuo was tragically killed while volunteering at an event held by defendant Dublin Unified School District (DUSD).  Plaintiff family members and her estate sued DUSD, asserting negligence and premises liability claims.  The trial court granted DUSD's motion for summary judgment upon concluding that Labor Code section 3364.5[1]—providing that school volunteers may be deemed employees entitled to workers' compensation benefits as their sole remedy for any injury sustained while performing service—defeated the court's jurisdiction.

　　On appeal, plaintiffs argue that the trial court erred because death is not "any injury" and DUSD's school volunteers were not "deemed" employees for section 3364.5 to apply here.  We disagree and affirm.

---

　　[1] All further statutory references are to the Labor Code unless otherwise stated.

1

## BACKGROUND

DUSD held a distribution event on March 24, 2021 at one of its middle schools for the "Farmers to Families Food Box Program," which provided fresh food to families negatively affected by the COVID-19 pandemic. Kuo volunteered at this event. While she was loading a food box into the rear of one vehicle, another vehicle entered the parking lot and pulled up behind. A DUSD employee approached the second car and instructed the driver to open the rear hatch of the vehicle so he could load a food box into the rear cargo area of that vehicle. The driver suddenly drove forward, crushing Kuo between the two vehicles. Kuo was transported to a medical center and died later that day.

Kuo's family members and estate filed a complaint against DUSD asserting negligence and premises liability causes of action. The complaint alleged that DUSD was negligent by failing to implement basic safety protocols at the event, failing to communicate safety protocols to volunteers and others, and failing to train and/or supervise employees who were organizing and coordinating the event. It also alleged that DUSD had created a dangerous condition of public property by failing to implement such safety protocols.

DUSD moved for summary judgment, arguing that section 3364.5 barred plaintiffs' claims. Section 3364.5 is part of the Workers' Compensation Act (§ 3201 et seq.) (WCA). It provides that "a volunteer, unsalaried person authorized by the governing board of a school district or the county superintendent of schools to perform volunteer services for the school district or the county superintendent shall, upon the adoption of a resolution of the governing board of the school district or the county board of education so declaring, be deemed an employee of the district or the county

2

superintendent for the purposes of this division and shall be entitled to the workmen's compensation benefits provided by this division for any injury sustained by him while engaged in the performance of any service under the direction and control of the governing board of the school district or the county superintendent." (§ 3364.5.) When section 3364.5 applies, it provides the sole and exclusive remedy for such injuries. (See §§ 3600 [liability for compensation provided by WCA "in lieu of any other liability whatsoever" against employer "without regard to negligence"], 3602 [right to recover compensation is the "sole and exclusive remedy of the employee or his or her dependents against the employer" where the conditions of compensation concur]; see also *Gund v. County of Trinity* (2020) 10 Cal.5th 503, 507 (*Gund*) [workers' compensation is an "exclusive remedy" for individuals covered by WCA].) The trial court does not have jurisdiction to grant relief. (*Furtado v. Schriefer* (1991) 228 Cal.App.3d 1608, 1613.)

In support of its motion, DUSD submitted Resolution 2011/12-30 (Resolution) passed and adopted by its board of trustees in 2012. It stated: "**NOW, THEREFORE BE IT RESOLVED,** that in accordance with Section 3364.5 of the Labor Code, volunteers shall be entitled to Workers' Compensation benefits for any injury sustained by him/her while in the performance of any service under direction and control of the District Superintendent."

DUSD also submitted the memorandum of coverage from the Protected Insurance Program for Schools applicable to the time period of the March 24, 2021 incident. The provision titled "**VOLUNTEERS**" stated: "This agreement shall apply to loss on account of bodily injury by accident or bodily injury by disease sustained by volunteer workers performing duties for or on behalf of the **covered party** while acting within the scope of their duties on

3

behalf of the **covered party** providing that the **covered party's** Board has first adopted a resolution as provided in Division 4, Part 1, Chapter 2, Article 2, of the California Labor Code declaring such volunteer workers to be employees of the **covered party** for purposes of the workers' compensation law." Plaintiffs filed original and supplemental memoranda in opposition to the motion, arguing that section 3364.5 applicability was not established here because the statutory term "injury" does not include death.[2]

The trial court granted DUSD's motion for summary judgment. It determined that death "falls into the category of an injury according to its plain meaning." And while finding no ambiguity in the term, the court noted that the legislative history of the statute—evidencing an intent to provide school volunteers with the same protection as employees—supported this reading. The court concluded that section 3364.5 defeated its jurisdiction. Judgment was entered in favor of DUSD and against plaintiffs.

Plaintiffs filed a timely notice of appeal.

## DISCUSSION

This appeal presents two questions of statutory interpretation: whether the term "any injury" covers fatal injuries like the one Kuo sustained here, and whether DUSD volunteers were "deemed" employees under section 3364.5. In answering such questions, we exercise our independent judgment to " ' "determine the Legislature's intent so as to effectuate the law's purpose." ' " (*New Cingular Wireless PCS, LLC v. Public Utilities Com.* (2016) 246 Cal.App.4th 784, 795 (*New Cingular*); *MacIsaac v. Waste Management Collection & Recycling, Inc.* (2005) 134 Cal.App.4th 1076, 1082

---

[2] Plaintiffs also argued in the trial court that Kuo's volunteer service was not under the " 'direction and control' " of DUSD or the superintendent, but their opening appellate brief confirms no such argument is raised on appeal.

4

(*MacIsaac*).)  That process may involve up to three steps.  (*MacIsaac*, at pp. 1082–1084.)

First, we look to the words of the statute themselves and " ' "the plain, commonsense meaning of the language used by the Legislature." ' " (*Sutter's Place, Inc. v. California Gambling Control Commission* (2024) 101 Cal.App.5th 818, 832 (*Sutter's Place*).)  " 'We do not, however, consider the statutory language in isolation; rather, we look to the entire substance of the statutes in order to determine their scope and purposes.' " (*New Cingular, supra*, 246 Cal.App.4th at p. 795.)  " 'That is, we construe the words in question in context, keeping in mind the statutes' nature and obvious purposes.' " (*Ibid.*)  " 'We must harmonize the various parts of the enactments by considering them in the context of the statutory framework as a whole.' " (*Ibid.*)

"If the statutory language is clear and unambiguous, our task is at an end, for there is no need for judicial construction." (*MacIsaac, supra*, 134 Cal.App.4th. at p. 1083.)  But if the language is ambiguous, we proceed to the second step and may turn to extrinsic sources like legislative history materials to assist in our interpretation. (*Sutter's Place, supra*, 101 Cal.App.5th at p. 832.)  If ambiguity remains, we "must cautiously take the third and final step" and "apply 'reason, practicality, and common sense to the language at hand.' " (*MacIsaac*, at p. 1084.)  With this framework in mind, we begin with the term "any injury" under section 3364.5.

## I. "Any Injury" Under Section 3364.5

### A. Plain Language

Section 3364.5 provides entitlement to workers' compensation for "any injury" sustained by a school volunteer while engaged in the performance of

service.  We conclude that fatal injuries unambiguously fall into the category of "any injury" according to its plain meaning.

We reached the same conclusion in *Mori v. Southern General Ins. Co.* (1987) 196 Cal.App.3d 99.  In that case, family members of a garbage truck employee who died from injuries sustained in an accident sought satisfaction of a judgment from the driver's insurance policy, which covered damages "because of *injury*." (*Id.* at p. 101.)  We concluded that the employee's death—caused by fatal injuries—was an "injury" according to its plain meaning.  (*Id.* at p. 102.)  While plaintiffs here argue that *Mori* is irrelevant because it involved contract interpretation, not statutory interpretation, that distinction does not alter our analysis regarding the " ' "plain, commonsense meaning" ' " of the term.  (*Sutter's Place*, *supra*, 101 Cal.App.5th at p. 832.)

Nor are we persuaded by plaintiffs' other plain language arguments.  First, plaintiffs argue that section 3364.5 identifies the conditions under which a school volunteer may be entitled to workers' compensation, and that the term "injury" is one such condition meant to exclude death.  But the text of the statute reflects a broader condition for "any injury sustained by him while engaged in the performance of any service under the direction and control of the governing board of the school district or the county superintendent." (§ 3364.5)  This clause shows an intent to limit entitlement to workers' compensation only for injuries sustained during volunteer service as directed, not injuries outside of such service.  (See *White v. County of Sacramento* (1982) 31 Cal.3d 676, 680 [discussing rule of statutory construction that qualifying phrases and clauses are to be applied to immediately preceding words].)

Section 3364.5 thus describes the conditions under which a school volunteer may be deemed an employee entitled to workers' compensation.

6

And section 3600, set forth in a subsequent chapter of the WCA, identifies the conditions of compensation liability "for any injury sustained by his or her employees arising out of and in the course of the employment and for the death of any employee if the injury proximately causes death." (§ 3600, subd. (a).) Sections 3364.5 and 3600 make clear that a school volunteer may be deemed an employee entitled to workers' compensation for any injury, including fatal injuries.

Second, plaintiffs cite a dictionary definition of "injury" as " 'harm or damage that is done or sustained.' " As a preliminary matter, we note that general dictionaries may be used to ascertain the meaning of language in a statute, but we "must exercise 'great caution' when relying on a dictionary definition of a common term to determine statutory meaning because a dictionary ' "is a museum of words, an historical catalog rather than a means to decode the work of legislatures." ' " (*A.S. v. Miller* (2019) 34 Cal.App.5th 284, 293, fn. 4; see also *De Vries v. Regents of University of California* (2016) 6 Cal.App.5th 574, 591.) Exercising such caution, we view the dictionary definition proffered by plaintiffs to contradict their position here. A fatal injury clearly does "harm" or "damage" to the injured person under the commonsense meaning of those terms.

Third, plaintiffs cite the definition of "injury" in section 3208 that "govern[s] the construction and meaning of the terms and phrases used" in the WCA unless context otherwise requires. (§ 3204.) Section 3208 defines " 'injury' " as "any injury or disease arising out of the employment, including injuries to artificial members, dentures, hearing aids, eyeglasses and medical braces of all types; provided, however, that eyeglasses and hearing aids will not be replaced, repaired, or otherwise compensated for, unless injury to them is incident to an injury causing disability." But this definition simply

7

confirms that the term "injury" can mean "any injury." Nothing in the provision supports exclusion of fatal injuries from the definition of "any injury." And while section 3208 does list examples of injuries that are not fatal, those examples are not exhaustive. (See *Hassan v. Mercy American River Hospital* (2003) 31 Cal.4th 709, 717 [noting that the word "including" in a statute is " 'ordinarily a term of enlargement rather than limitation' "].)

Moreover, inclusion of the word "any" in "any injury" under both section 3208 and 3364.5 supports a broad reading of that term. Courts have used such language to conclude that a statutory provision encompasses the full spectrum of the term. (See, e.g., *Carroll v. County of Los Angeles* (1997) 60 Cal.App.4th 606, 609 ["It is therefore logical to interpret [statutory] reference to '*any trail*' to mean just that, i.e., any trail, whether paved or unpaved"].) The same logic applies here: "any injury" includes fatal injuries under section 3364.5.

*Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund* (2001) 24 Cal.4th 800 (*Vacanti*) does not contradict this view. In *Vacanti*, the California Supreme Court cited the definition of "injury" from section 3208 in explaining that an injury is compensable under workers' compensation when it arises out of employment and causes " 'disability or the need for medical treatment.' " (*Vacanti*, at p. 814.) As a preliminary matter, we are not persuaded that a fatal injury does not cause " 'disability or the need for medical treatment' " under the commonsense meaning of those terms. (*Ibid.*) Indeed, plaintiffs assert that Kuo received medical treatment here. Nor do we read *Vacanti* as excluding fatal injuries from the definition of "injury" under section 3208. After defining a compensable injury covered by workers' compensation, the California Supreme Court made clear that such coverage applies in cases of " 'injury or death.' " (*Vacanti*, at p. 814.)

8

**B. Statutory Framework**

Our interpretation of "any injury" is also consistent with the surrounding statutes and " 'statutory framework as a whole.' " (*New Cingular, supra*, 246 Cal.App.4th at p. 795.) The WCA was enacted as a "comprehensive statutory scheme governing compensation given to California employees for injuries incurred in the course and scope of their employment." (*Vacanti, supra*, 24 Cal.4th at p. 810.) "The workers' compensation system was created to provide, in the words of our state Constitution, 'for the comfort, health and safety and general welfare of any and all workers and those dependent upon them for support to the extent of relieving from the consequences of any injury or death incurred or sustained by workers in the course of their employment.' " (*Privette v. Superior Court* (1993) 5 Cal.4th 689, 697, quoting Cal. Const., art. XIV, § 4.) Given this purpose, section 3202 expressly requires that the provisions of the WCA "be liberally construed by the courts with the purpose of extending their benefits for the protection of persons injured in the course of their employment." (§ 3202; see also *Mitchell v. Scott Wetzel Services, Inc.* (1991) 227 Cal.App.3d 1474, 1480 ["In adjudicating whether a claim falls within the workers' compensation system, all doubt should be resolved in favor of finding jurisdiction within the workers' compensation system"]; *Gund, supra*, 10 Cal.5th at p. 515 [rejecting "overly narrow interpretation" of term under the WCA as "undermining its civilian-protective purpose"].) This mandate supports the inclusion of fatal injuries in the "any injury" term of section 3364.5.

Despite plaintiffs' argument to the contrary, the statutory provisions surrounding section 3364.5 do not suggest otherwise.[3] There are four

---

[3] Our analysis is focused on statutory provisions in the WCA. We do not find the definition of "injury" in Government Code section 810.8 relevant

9

categories of language used in these provisions for different types of workers. (See *Larkin v. Workers' Comp. Appeals Bd.* (2015) 62 Cal.4th 152, 161 (*Larkin*) [describing provisions that "extend eligibility for workers' compensation benefits to certain categories of volunteers who otherwise would be ineligible under the law's definition of 'employee' "].)

First, provisions like section 3362.5 state that a person "deputized or appointed by the proper authority as a reserve or auxiliary sheriff or city police officer, a deputy sheriff, or a reserve police officer of a regional park district or a transit district" is an employee for purposes of workers' compensation. (See also §§ 3361 [members of volunteer fire departments], 3363 [members of reserve fish and game warden program].) Unlike section 3364.5, these workers *are* employees (i.e., they need not be "deemed" employees by any entity), and there is no explicit language regarding the scope of compensation (i.e., for "any injury" while performing service). But the absence of such language does not suggest that a narrow definition of the term "any injury" applies to section 3364.5. On the contrary, the legislative history of section 3362.5 shows it was enacted in 1989 after a reserve sheriff was injured but not covered by workers' compensation, on the basis that "reserve police officers who are assigned specific police functions by a proper authority should be covered by the workers' compensation laws when injured in the course of performing authorized services." (Assem. Com. on Fin. & Ins., 3d reading analysis of Assem. Bill No. 276 (1989–1990 Reg. Sess.) as amended Apr. 24, 1989, p. 2.)

The second category includes provisions like section 3365, subdivision (a), stating that a person engaged in suppressing a fire pursuant

here, particularly as DUSD fails to identify any authority relying on this definition to interpret the term "injury" under section 3364.5 (or any other provision in the WCA).

to law or official request is "deemed" an employee entitled to workers' compensation.  (See also §§ 3366 [persons engaged in law enforcement service], 3367 [persons rendering certain technical assistance].)  These workers are "deemed" employees by the services they perform (i.e., not by any entity) and again, there is nothing to suggest that the lack of explicit language regarding compensation for "any injury" limits the term in section 3364.5.

The third category includes provisions like section 3362, stating that an active member of a police department "shall, upon the adoption of a resolution by the governing body of the county, city, town or district so declaring, be deemed an employee" entitled to workers' compensation.  (See also §§ 3363.5 [persons performing voluntary services for public agency], 3363.6 [persons performing voluntary services for private nonprofit].)  As explained in *County of Kern v. Workers' Comp. Appeals Bd.* (2011) 200 Cal.App.4th 509, the resolution requirement in this third category reflects types of service "where more direct, local control may be warranted."  (*Id.* at p. 522.)  The legislative history of section 3362 confirms this intent to provide local entities with such control over coverage, stating that benefits could be offered "if the local entity desires" but are "purely optional."  (Senator Stanford C. Shaw, Letter to Governor Brown, re Sen. Bill No. 1427 (June 23, 1959).)

The fourth category includes provisions like the one at issue here, which contain not only a resolution requirement but also specify compensation for "any injury" sustained while engaged in the performance of service.  (See §§ 3361.5 [volunteers for recreation and park districts], 3364.55–3364.7 [juveniles engaged in rehabilitative work].)  The legislative history of these provisions shows no intent to limit or narrow the term "any

11

injury," but instead to provide the same coverage as the categories above. Section 3361.5, for example, was enacted because "unpaid volunteers should be extended *the same benefits* available to volunteer firemen, reserve police officers, disaster service workers, etc." (Sen. Com. on Industrial Relations, Rep. on Assem. Bill No. 1316 (1973–1974 Reg. Sess.), p. 2.), italics added.)

We reject plaintiffs' remaining arguments regarding other statutory provisions in the WCA. First, plaintiffs cite to the language of section 3600 regarding employer liability "for any injury sustained by his or her employees arising out of and in the course of the employment and for the death of any employee if the injury proximately causes death" where the conditions of compensation concur. (§ 3600, subd. (a).) We view this phrase as simply confirming the proximate cause requirement for fatal injuries, and consistent with the condition of compensation that an injury is "proximately caused by the employment, either with or without negligence." (*Id.*, subd. (a)(3); see also *South Coast Framing, Inc. v. Workers' Comp. Appeals Bd.* (2015) 61 Cal.4th 291, 297–298 [discussing proximate cause requirement of section 3600 for injuries and death].) While section 3600 focuses on the scope of liability, section 3364.5 concerns the scope of employees and presents no need for the same clarification. We are not persuaded that section 3600 supports any narrowing of the term "injury" in section 3364.5.

Second, plaintiffs cite to sections 3370 and 3370.1, which provide that inmates and patients of state facilities are entitled to workers' compensation for injuries or injuries causing death arising out of assigned work under certain conditions. Again, we are not persuaded that this language is relevant here because these provisions do not deem such persons to be employees (by resolution or otherwise) and thus fall outside the framework used in section 3364.5 (and the four categories described above). In any

event, we view sections 3600, 3370, and 3370.1 as simply consistent with the WCA and the California Constitution that workers' compensation covers "injury or death." (Cal. Const., art. XIV, § 4; *Vacanti*, *supra*, 24 Cal.4th at p. 810.) So too with section 3364.5.

Finally, we "must apply the general principle of statutory construction that statutes are to be read in order to harmonize the statutory scheme and not to produce absurd results." (*In re Catalano* (1981) 29 Cal.3d 1, 11.) We agree with DUSD that excluding fatal injuries from coverage under statutory provisions like section 3364.5 with the term "any injury" would produce absurd results. The "primary objective" of the WCA is "to protect individuals against the special risks of employment with comprehensive coverage for their injuries." (*Minish v. Hanuman Fellowship* (2013) 214 Cal.App.4th 437, 461 (*Minish*).) But in return, the WCA also seeks "to insulate the employer from tort liability for his employees' injuries." (*Minish*, at p. 461; see also *Gund*, *supra*, 10 Cal.5th at p. 516 ["A complementary concern familiar from the history and underlying logic of workers' compensation was also at play in the legislative drafting process: limiting expansive liability for public agencies"].) Statutory provisions with the term "any injury" were passed with these dual purposes in mind. An enrolled bill report on section 3361.5, for example, stated: "Adoption of the appropriate resolution would probably save money for the affected local government agency because workmen's compensation where it applies is an exclusive remedy, where as potential liability under common law tort principles as modified by statutes, may be considerably higher in given instances than would the workmen's compensation liability." (Dept. Industrial Relations, Enrolled Bill Rep. on Assem. Bill No. 1316 (1973–1974 Reg. Sess.) Sept. 7, 1973, p. 1.) Interpreting provisions like section 3364.5 to exclude fatal injuries, which likely expose

13

entities to more potential liability than non-fatal injuries, contravenes this purpose.

### C. Legislative History

While we conclude that the term "any injury" in section 3364.5 unambiguously includes fatal injuries, its legislative history further supports our interpretation. Section 3364.5 was added by Senate Bill No. 336 in 1967. (Stats. 1967, ch. 345, § 2, p. 1544.) The bill authorized school districts "to provide insurance coverage, including workmen's compensation, for persons authorized by the governing board to perform volunteer services for the district" and prescribed "procedures for classifying such persons as employees of the district for purposes of workmen's compensation insurance." (Legis. Counsel's Dig., Sen. Bill No. 336 (1967–1968 Reg. Sess.) Summary Dig., p. 5051.) Bill analysis noted that school districts insured against injury or death of its employees, but volunteers were "neither compensated nor covered by insurance." (Sen. Local Government Com., staff analysis of Sen. Bill No. 336 (1967–1968 Reg. Sess.) as amended Apr. 13, 1967.) It described a developing problem: "Increasing use is being made of volunteer assistance by numerous school districts -- such as under the compensatory programs (as tutors, librarian aides, playground monitors, etc.) and general school assistance (as aides for handicapped, teacher aides, etc.)." (*Ibid.*)

The bill was introduced at the request of the San Francisco Unified School District to allow it to provide insurance for volunteers like the San Francisco Education Auxiliary, a "300-member group of ladies who do volunteer teacher-aide work in classrooms." (Senator Hugh M. Burns, Letter to Governor Reagan, re Sen. Bill No. 336 (June 13, 1967).)[4] Senator Burns

---

[4] The letter is on letterhead of the bill's author, Senator J. Eugene McAteer. (See *Larkin*, *supra*, 62 Cal.4th at p. 164, fn. 10 ["While there are

14

explained: "Working alongside teachers, volunteers are subject to the same physical risks." (*Ibid.*) These statements evidence an intent to provide school volunteers with the same workers' compensation coverage as school employees for any injury—including both fatal and non-fatal injuries—sustained while engaged in the performance of volunteer service.

Plaintiffs point to a different part of the legislative history to contend otherwise. Senate Bill No. 336 not only added section 3364.5, but also added former section 1019 to the Education Code,[5] providing that "the governing board of any school district may provide for persons authorized by the governing board to perform volunteer services for the district insurance coverage which is the *same as or comparable* to that provided by the governing board for its employees, including coverage under the provisions of Division 4 (commencing with Section 3201) of the Labor Code." (Italics added.) Because the bill was amended to add the "or comparable" language before it was adopted, plaintiffs contend that this reflects "a change regarding the extent and scope of workers' compensation coverage for school district volunteers." But any such change related to the scope of coverage

___

often limits to what an interpreter may reasonably infer from an individual legislator's letter [citation], we have considered letters expressing the views of a bill's sponsor where those views are fully consonant with the statutory language and the history of the legislation"].)

We grant DUSD's unopposed request to take judicial notice of this document and the staff analysis of Senate Bill No. 336, as well as plaintiffs' request to take judicial notice of a motion to amend the bill. We deny plaintiffs' request to take judicial notice of a DUSD website page and State of California injury report form because, as explained in part I.D., *post,* neither is necessary or helpful to our analysis. (Cal. Rules of Court, rule 8.252; *Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison* (1998) 18 Cal.4th 739, 748, fn. 6.)

[5] Former Education Code section 1019 was subsequently renumbered and ultimately repealed. (Stats. 1976, ch. 1010, § 72509, p. 3978; Stats. 1981 ch. 471, § 42, p. 1805.)

under former Education Code section 1019, not the statute at issue here. Indeed, the plain language of former Education Code section 1019 allowed for insurance coverage "including" workers' compensation coverage under Labor Code section 3364.5. (See *Hassan v. Mercy American River Hospital*, *supra*, 31 Cal.4th at p. 717.) It did not narrow the terms of section 3364.5.

**D. Other "Extrinsic Sources"**

Plaintiffs contend that other "extrinsic sources" may be used to interpret section 3364.5, and cite DUSD's memorandum of coverage from the Protected Insurance Program for Schools as one such source. As a preliminary matter, plaintiffs misunderstand the category of "appropriate extrinsic sources, such as the statute's purpose, legislative history, and public policy." (*Prang v. Los Angeles County Assessment Appeals Board* (2024) 15 Cal.5th 1152, 1170.)

Nor do plaintiffs present any authority that such a memorandum trumps the statutory language of section 3364.5 or DUSD's Resolution triggering application of the statute. *Minish* does not provide such support, where the appellate court concluded that application of section 3363.6— providing that private nonprofit volunteers may be deemed employees for workers' compensation by resolution—did not require personal identification or notice and acceptance of each volunteer. (*Minish, supra,* 214 Cal.App.4th at pp. 467, 471.) *Minish* did not analyze the workers' compensation policy in place, instead simply noting defendants' argument that their policy covered volunteers. (*Id.* at p. 445.)

In any event, we are not persuaded by plaintiffs' argument that the "injury" terms in the memorandum of coverage preclude section 3364.5 applicability here. The memorandum of coverage states that it applies to "loss on account of bodily injury by accident or bodily injury by disease

16

sustained by volunteer workers performing duties for or on behalf of the **covered party** while acting within the scope of their duties on behalf of the **covered party** providing that the **covered party's** Board has first adopted a resolution as provided in Division 4, Part 1, Chapter 2, Article 2, of the California Labor Code declaring such volunteer workers to be employees of the **covered party** for purposes of the workers' compensation law." We view this explicit reference to the resolution requirement in section 3364.5 as evidence of intent to be consistent with its terms. (Cf. Civ. Code, § 1641 ["The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other"].) And we interpret the term "bodily injury by accident" to include fatal injuries by accident like the one sustained by Kuo here under the " ' "plain, commonsense meaning" ' " of the term. (*Sutter's Place, supra*, 101 Cal.App.5th at p. 832.)

Given our conclusion that the term "any injury" includes fatal injuries, we turn next to plaintiffs' arguments regarding whether DUSD volunteers were "deemed" employees under section 3364.5.

## II. Volunteers "Deemed" Employees Under Section 3364.5

Section 3364.5 provides entitlement to workers' compensation for volunteers "deemed" employees "upon the adoption of a resolution of the governing board of the school district or the county board of education so declaring." Plaintiffs argue that DUSD volunteers were not "deemed" employees under section 3364.5 for two reasons: (1) DUSD's Resolution did not use the term "deemed," and (2) DUSD did not treat its volunteers as employees. Neither is persuasive.[6]

---

[6] We reject DUSD's contention that these arguments are forfeited for failure to raise below. At the hearing on DUSD's summary judgment motion,

17

### A. Use of the Term "Deemed"

Nothing in the statute supports plaintiffs' position that a resolution must explicitly use the word "deemed" to trigger section 3364.5. Section 3364.5 requires only that the governing board adopt a resolution "so declaring." DUSD did exactly that, adopting a resolution stating, "in accordance with Section 3364.5 of the Labor Code, volunteers shall be entitled to Workers' Compensation benefits for any injury sustained by him/her while in the performance of any service under the direction and control of the District Superintendent." We do not read into the statute any additional requirement to use magic words, as such an interpretation would defy section 3202's command that the WCA be liberally construed. (See *Minish*, *supra*, 214 Cal.App.4th at p. 466 ["In short, interpreting section 3363.6 to require personal identification of volunteers in order to provide them with workers' compensation conflicts with section 3202 because it could result in restricting, rather than extending, coverage to injured persons"].)

Plaintiffs note that in *Perez v. Galt Joint Union Elementary School Dist.* (2023) 96 Cal.App.5th 150, the school district had adopted a resolution that used the word "deemed." (*Id.* at p. 158.) But nothing in *Perez* suggests such use is mandatory. Instead, the appellate court addressed and rejected the plaintiff's argument that section 3364.5 did not apply because the resolution did not explicitly use the exact name of the district, concluding such an interpretation would "needlessly narrow" the scope of the statute. (*Perez*, at pp. 172, 170.) So too here. Plaintiffs also cite *Larkin*, suggesting that it addressed "the importance of the actual language of resolutions." But *Larkin* simply restated the resolution requirement in section 3362 that

---

plaintiffs argued that the Resolution never used the "deemed" language. And plaintiffs' supplemental memorandum in opposition to the motion argued that DUSD's conduct was contrary to application of section 3364.5.

workers may be deemed employees for workers' compensation by a resolution " 'so declaring.' " (*Larkin*, *supra*, 62 Cal.4th at p. 160.) It did not hold that any particular language, let alone the term "deemed," was required to be used in the resolution.

### B. DUSD Conduct

Plaintiffs next contend that DUSD volunteers were not "deemed" employees because DUSD did not treat its volunteers as employees. Plaintiffs do not present any authority that such conduct nullifies application of section 3364.5 after DUSD's Resolution was adopted.

Plaintiffs instead note that DUSD did not produce any documents in response to discovery requests for "notices to or communications with volunteers advising them they had workers' compensation coverage," citing other statutes and regulations that have certain notice provisions. But section 3364.5 does not contain a notice requirement. And *Minish* rejected the imposition of any such requirement in the absence of explicit language or provision. (*Minish*, *supra*, 214 Cal.App.4th at p. 468.) "It is a well-settled rule that courts must not add provisions to a statute under the guise of statutory interpretation to accomplish a purpose that does not appear on the face of the statute or from its legislative history." (*Ibid*.)

Plaintiffs also note that DUSD did not produce any documents showing workers' compensation claims or payments, arguing that this lack of production *proves* DUSD has not "deemed" its volunteers as employees. Even accepting plaintiffs' characterization of the discovery, they again do not present any authority supporting their position that such conduct nullifies application of section 3364.5. On the contrary, the plain language of section 3364.5 provides for its application "upon the adoption of a resolution of the

19

governing board of the school district or the county board of education so declaring." DUSD satisfied this condition by adopting its Resolution.

In sum, we conclude that the trial court did not err in granting DUSD's motion for summary judgment.

## DISPOSITION

The judgment is affirmed. DUSD is entitled to its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2).)

SIMONDS, J.[*]

WE CONCUR:

STREETER, Acting P. J.
GOLDMAN, J.

---

[*] Judge of the Superior Court, County of Sonoma, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Trial Court:        Superior Court of California, County of Alameda

Trial Judge:        Hon. Tara Desaultels

Counsel:            Casper, Meadows, Schwartz & Cook and Nick Casper, for Plaintiffs
                    and Appellants.

                    Leone Alberts & Duus, Katherine A. Alberts, Brian A. Duus and
                    Seth L. Gordon, for Respondent.

*William Kuo et al. v. Dublin Unified School District* – A169912